**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CARLOS RAFAEL DEL CID CRUZ, | Case No.: 2:26-cv-00853-APG-EJY |
| Petitioner | **Order (1) Granting Petition for Writ of Habeas Corpus and (2) Denying as Moot Petitioner's Motion for Temporary Restraining Order** |
| v. | |
| MARKWAYNE MULLIN, et al.,[1] | [ECF Nos. 1, 2] |
| Respondents | |

Carlos Rafael Del Cid Cruz is a noncitizen from El Salvador currently detained by Immigration and Customs Enforcement (ICE). ECF No. 10-1 at 2.  He entered the United States in 2004, married a United States citizen in 2007, and had a child in 2008. ECF Nos. 2-1 at 2; 2-2 at 2-4.  He also adopted his niece and became a stepfather to his wife's son. ECF No. 2-1 at 2. After Del Cid Cruz tried and failed to obtain a visa, ICE placed him in removal proceedings, and he was granted voluntary departure in December 2016. *Id.* at 2-3; ECF Nos. 2-3 at 5-9; 10-1 at 37-38.  He appealed his voluntary departure but, unbeknownst to him, his appeal was denied and became a final order of removal in March 2017. ECF Nos. 2-1 at 3; 10-1 at 4.  In 2019, ICE deported Del Cid Cruz to El Salvador, but he returned to the United States that same year. ECF Nos. 2-1 at 2; 10-1 at 4.  In July 2025, ICE detained Del Cid Cruz and reinstated his previous removal order. ECF Nos. 10-1 at 3, 36.  While in custody, Del Cid Cruz sought withholding of removal to El Salvador. ECF No. 2-5 at 2-4.  In December 2025, an immigration judge (IJ) denied withholding of removal. ECF No. 10-1 at 39-40.  Del Cid Cruz timely appealed that decision, which is pending. ECF No. 2-7 at 2-4.

---

[1] Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem. Fed. R. Civ. P. 25(d).

In this case, Del Cid Cruz filed a Petition for Writ of Habeas Corpus and a motion for a temporary restraining order, both of which seek his immediate release from custody or a bond hearing.  He argues that he need not exhaust his administrative remedies before seeking habeas relief.  He also seeks attorney fees under the Equal Access to Justice Act.  The government responds that I do not have jurisdiction to hear the petition under 8 U.S.C. § 1252(b)(9) and (g), and alternatively, that Del Cid Cruz is ineligible for a bond hearing because he is under mandatory detention under 8 U.S.C. § 1231.  The government also argues that Del Cid Cruz should not be released because six months have not yet passed since his removal order was reinstated and *Zadvydas v. Davis*, 533 U.S. 678 (2001) therefore does not yet apply.[2]

Del Cid Cruz replies that I have jurisdiction under 28 U.S.C. § 2241 and § 1331, the Administrative Procedure Act, the Suspension Clause, and 8 U.S.C. § 1101.  He argues that he should be released under *Zadvydas* because six months have passed since his mandatory removal period ended, and there is no significant likelihood of removal in the reasonably foreseeable future due to his pending appeal for withholding of removal.

I grant Del Cid Cruz's petition and order his immediate release subject to reasonable conditions of supervision.  Accordingly, I deny his motion for a temporary restraining order as moot.

## I.    HABEAS CORPUS PETITION

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art I. § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in

---

[2] The government did not respond to Del Cid Cruz's argument that he should not be required to exhaust administrative remedies.  It therefore consents to me waiving exhaustion. LR 7-2(d).

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas*, 533 U.S. at 687; *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).  I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 124 (2022) (quotation omitted).

### A.  I have jurisdiction over Del Cid Cruz's petition.

The government argues that 8 U.S.C. §§ 1252(g) and (b)(9) preclude review of Del Cid Cruz's petition.  Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).  The Supreme Court has given a "narrow reading" to § 1252(g). *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999).  "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* at 482 (emphasis in original) (quoting 8 U.S.C. § 1252(g)).  Instead of "sweep[ing] in any claim that can technically be said to 'arise from' the three listed actions," the provision "refer[s] to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).  Further,

the Ninth Circuit reasoned that § 1252(g) did not bar review where the petitioner did "not challenge ICE's discretionary authority to decide 'when' or 'whether' to execute a removal order." *Ibarra-Perez v. United States*, 154 F.4th 989, 997 (9th Cir. 2025).  Because Del Cid Cruz challenges the lawfulness of his detention during his post-final removal order period, he is not challenging one of the three specific actions in § 1252(g).  Therefore, § 1252(g) does not preclude review here.

The government also argues that, under § 1252(b)(9), review of any issue arising from removal-related activity is proper only before the appropriate federal court of appeals in the form of a petition for review of a final removal order.  Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9).  Otherwise, "no court shall have jurisdiction . . . to review . . . such question of law or fact," including under § 2241. *Id.*  The Supreme Court has indicated that § 1252(b)(9) does not bar review of a noncitizen detainee's petition where the petitioner is not "asking for review of an order of removal," is not "challenging the decision to detain them in the first place or to seek removal," and is not "challenging any part of the process by which their removability will be determined." *Jennings*, 583 U.S. at 294.  Accordingly, the Ninth Circuit has concluded that "§ 1252(b)(9) does not apply [where the petitioner] brings claims that arose after completion of his removal proceedings." *Ibarra-Perez*, 154 F.4th at 1000.

Here, Del Cid Cruz has a final order of removal, and his challenge to his prolonged detention does not fall in any of the three categories from § 1252(b)(9).  His petition is a separate legal issue from the consideration of the merits of his removal proceeding. *See Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-02567-MMD-MDC, 2026 WL 266756, at *1 (D. Nev. Feb. 2,

2026); *Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763 at *2-3 (D. Nev. Apr. 22, 2026); *see also Hernandez-Luna v. Noem*, No. 2:25-cv-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025) (rejecting similar jurisdictional arguments under §§ 1252(g) and (b)(9) in the context of detention under § 1226). Therefore, § 1252(b)(9) also does not bar review here, and I have jurisdiction to consider Del Cid Cruz's petition.

**B. There is no significant likelihood of removal to El Salvador in the reasonably foreseeable future.**

Individuals with reinstated final removal orders are subject to detention under § 1231, even if they are in proceedings for withholding of removal. *Johnson v. Guzman Chavez*, 594 U.S. 523, 526, 546-47 (2021). Therefore, they "are not entitled to a bond hearing while they pursue withholding of removal." *Id.* at 526. Individuals with final removal orders are subject to mandatory detention for 90 days to effectuate their removal. *Id.* at 528; 8 U.S.C. §§ 1231(a)(1), (2). Final removal orders are reinstated from their original dates for those who have reentered the United States after having been removed, and the order is not subject to being reopened or reviewed. *Johnson*, 594 U.S. at 534-35; 8 U.S.C. § 1231(a)(5).

Del Cid Cruz's removal order became final on March 31, 2017, and was reinstated on July 21, 2025, when he was re-detained. ECF No. 10-1 at 3-4. Since his most recent detention, he has sought withholding of removal. An IJ denied his request, and his appeal is pending. Accordingly, he is detained under § 1231, and he is not entitled to a bond hearing pending the results of his appeal.

The Attorney General has discretion to detain noncitizens beyond the 90-day removal period under 8 U.S.C. § 1231(a)(6). However, to avoid doubt about the statute's constitutionality, the Supreme Court in *Zadvydas* read into the statute an "implicit limitation" on

that discretion because a statute that permitted indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment's due process clause. 533 U.S. at 682, 689-90. The Supreme Court adopted a six-month period as a presumptively reasonable period of detention to effectuate removal. *Id.* at 701. After that six-month period, if a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

The government argues that Del Cid Cruz's petition is premature because he has not been detained for six months. However, he was re-detained and his order of removal was reinstated in July 2025, over nine months ago.[3] Del Cid Cruz argues that there is no significant likelihood of removal in the reasonably foreseeable future because the government cannot remove him to El Salvador while his withholding appeal remains pending. The government does not dispute this, and it provides no evidence to suggest otherwise. It does not demonstrate that it has taken steps to deport Del Cid Cruz to a country other than El Salvador or argue that it is detaining him on the basis of third-country removal. It does not show that it is ready to deport him to El Salvador or that El Salvador is willing to take him pending a final denial of withholding. It does not provide information about how long it might take for the Board of Immigration Appeals (BIA) to rule on an appeal of withholding, and it does not contend that the process might be nearing its end. Therefore, the government has failed to rebut the presumption that there is no significant likelihood of removal to El Salvador in the reasonably foreseeable future, so any continued

---

[3] The government asserts, without evidence, that Del Cid Cruz was detained in September 2025, which does not match the July 2025 date on his I-213 form. ECF Nos. 10 at 3; 10-1 at 3. Regardless, six months have passed since September 2025, so my decision does not turn on this difference.

detention based on effectuating removal to El Salvador violates the implicit limitation in § 1231(a)(6) and Del Cid Cruz's due process rights under *Zadvydas*. *See Chicas v. Bondi*, No. C26-451-RSM, 2026 WL 775635, at *4 (W.D. Wash. Mar. 19, 2026) (finding the government did not provide evidence to support the conclusion that the BIA appeal was nearing the end of its completion and therefore failed to rebut the presumption that petitioner's detention was unreasonable); *Castillo v. Chestnut*, No. 1:25-cv-01296-SAB-HC, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (finding that the government did not provide evidence sufficient to rebut the petitioner's showing there is no significant likelihood of removal when it failed to "provide any details regarding what actions have been and are being taken in pursing Petitioner's removal to Mexico in the event the stay of removal is lifted" or "why [it] expect[s] Mexico will accept Petitioner").

Therefore, Del Cid Cruz's continued detention is unreasonable and no longer authorized by § 1231(a). I order his release on reasonable conditions of supervision to be imposed by ICE under 8 U.S.C. § 1231(a)(3). Accordingly, I deny his motion for a temporary restraining order as moot.

**C. Del Cid Cruz may apply for attorney's fees.**

Del Cid Cruz requests costs and attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The government did not respond to his request. The EAJA provides that I "shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . brought by or against the United States . . ." unless I find that "the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Del Cid Cruz is the prevailing party, and the position of the federal respondents was substantially unjustified.

Therefore, an award against the federal respondents (but not responded Mattos) is just. Del Cid Cruz must prepare a fee application showing hours, rates, and supporting documentation, and provide the application to the federal respondents' counsel for review. If the parties can agree on the amount, they will file a stipulation to that effect. If the parties cannot agree, Del Cid Cruz will submit the application by motion to the court. The motion or stipulation must be submitted by June 17, 2026. The normal briefing schedule will apply.

## II.    CONCLUSION

I THEREFORE ORDER that Carlos Rafael Del Cid Cruz's Petition for Writ of Habeas Corpus **(ECF No. 1) is GRANTED.**

I FURTHER ORDER that Del Cid Cruz's motion for temporary restraining order **(ECF No. 2) is DENIED as moot.**

I FURTHER ORDER respondents to release Carlos Rafael Del Cid Cruz from the custody of CoreCivic as soon as reasonably possible but no later than 12:00 p.m. on Thursday, May 28, 2026. The respondents must transport Del Cid Cruz to 501 Las Vegas Blvd South, Las Vegas, Nevada by 5:00 p.m. that same day, in a safe and orderly fashion. The respondents must advise Del Cid Cruz's counsel of the estimated time of release for coordination purposes. Del Cid Cruz will be subject to reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1231(a)(3).

I FURTHER ORDER that the respondents are permanently enjoined from further unlawful detention of Del Cid Cruz under *Zadvydas v. Davis*, 533 U.S. 678 (2001) or any other applicable law. The respondents are prohibited from revoking Del Cid Cruz's release on the order of supervision absent proof of changed circumstances making his removal reasonably foreseeable and without first following the required statutory procedures.

I FURTHER ORDER that Del Cid Cruz may apply for attorney's fees by motion or stipulation by June 17, 2026.

DATED this 27th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

9